

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 24, 2021

**BY ECF**
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Michael Smith*, 20 Cr. 153 (JSR)

Dear Judge Rakoff:

The Government respectfully submits this letter in advance of the March 8, 2021 sentencing of the defendant, Michael Smith. The defendant is a career offender who has just received his fifth conviction for robbery, and, accordingly, the Government submits that a sentence within the stipulated Guidelines range (the "Stipulated Guidelines Range") of 151 to 188 months would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

**I.  Offense Conduct and Procedural Background**

On December 31, 2019, Michael Smith, Devante Manning, Nefy Mendez, and Kyshawn Robinson robbed a barbershop in the Bronx. PSR at ¶ 10. Smith, Manning, and Mendez entered the barbershop. *Id.* Smith and Manning were both carrying firearms, *id.* at 10, and Smith admitted that his firearm was loaded, *id.* at 21. The robbers stole approximately $2,800 in cash and other property. *Id.* at 10.

Smith was arrested on a complaint on February 6, 2020, and has been detained since. On February 21, 2020, an indictment was unsealed charging Smith with Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and brandishing a firearm during a crime of violence. Pursuant to a plea agreement, Smith pleaded guilty to one substantive count of Hobbs Act robbery on December 4, 2020.

**II.  Criminal History**

The defendant is only 35 years old, and has accumulated an extremely serious and violent criminal record:

1. On March 17, 2005, the defendant was arrested for striking a victim's head with a phone. PSR at ¶ 37. On October 22, 2005, he was sentenced to a term of probation of one year for

   Attempted Assault in the Third Degree. *Id.* On May 30, 2006, his probation was revoked and he was resentenced to a term of imprisonment of 60 days. *Id.*

2. On September 16, 2005, the defendant was arrested for striking a victim in the head with a fire extinguisher, causing a deep laceration, and then going to grab a knife to attack the victim. PSR at ¶ 38. On October 19, 2005, the defendant was sentenced to a term of imprisonment of 45 days and a term of probation of three years for Assault in the Third Degree. *Id.*

3. On March 16, 2006, the defendant was arrested for grabbing a police officer in a chokehold to prevent a search of other individuals. PSR at ¶ 39. On May 30, 2006, the defendant was sentenced to a term of imprisonment of 60 days for Assault in the Third Degree. *Id.*

4. On August 8, 2006, the defendant was arrested for punching a police officer in the face. PSR at ¶ 40. On October 22, 2007, the defendant was sentenced to a term of imprisonment of 15 days for Assault in the Third Degree. *Id.*

5. On August 11, 2007, the defendant was arrested for striking a victim and trying to take property from that victim by physical force. PSR at ¶ 43. On February 2, 2008, the defendant was sentenced to a term of imprisonment of two years for Attempted Robbery in the Second Degree. *Id.* He was paroled on April 22, 2009, and then violated and reincarcerated twice during parole for absconding. *Id.*

6. On August 12, 2011, the defendant was arrested for assaulting a victim and removing his wallet. PSR at ¶ 44. The victim was observed bleeding from his right ear. *Id.* On July 10, 2012, the defendant was sentenced to a term of imprisonment of eight years for Robbery in the Second Degree. *Id.*

7. On November 4, 2011, the defendant was arrested for demanding that a victim give up his wallet, and, when the victim refused, beating the victim and taking his wallet, backpack, and cellphone. PSR at ¶ 45. The victim was taken to a hospital to treat his injuries. *Id.* On July 10, 2012 (the same date as the above sentence), the defendant was sentenced to a term of imprisonment of eight years for Robbery in the Second Degree. *Id.*

8. On March 10, 2012, the defendant was arrested for snatching a victim's purse, causing the strap to break. PSR at ¶ 46. On July 10, 2012 (the same date as the above two sentences), the defendant was sentenced to a term of imprisonment of two-four years for Robbery in the Third Degree. *Id.*

The defendant was paroled on April 10, 2019. PSR at ¶ 46. He immediately stopped reporting to parole and was apprehended and reincarcerated on August 27, 2019. *Id.* He again stopped reporting when reparoled, and another absconder warrant was issued for his arrest on January 29, 2020. *Id.* The defendant committed instant robbery while on parole, eight months after being released from prison.

The PSR further explains that the defendant has an additional history of violence not captured in his criminal history. The defendant self-reported that he often "beat people up" when

living in a group home, including his peers and group home staff. PSR at ¶ 71. The defendant further self-reported that he has feelings of "wanting to beat people up for no reason." PSR at ¶ 72.

### III. Discussion

#### A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States v. Booker,* 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker,* 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States,* 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7). *See Gall,* 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant;
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

#### B. The Court Should Impose a Sentence Within the Stipulated Guidelines Range

A sentence within the Stipulated Guidelines Range would appropriately take into account the factors set forth in 18 U.S.C. § 3553(a).

Smith committed a dangerous robbery with a loaded firearm. While no one was physically harmed during the robbery, it is reasonable to assume that the employees and customers of the barbershop feared for their lives during these encounters. Moreover, the situation could easily have turned deadly if law enforcement officers, an employee, or customer had displayed or fired a firearm.

The defendant is a career offender under the Guidelines and a violent individual. This is his <u>fifth</u> conviction for robbery. He has four separate convictions for assault. He committed the instant offense while on parole, and only shortly after serving a lengthy sentence for three separate robbery convictions. In order to reflect the seriousness of the offense, afford adequate deterrence, and—most importantly—protect the public from further crimes by the defendant, the defendant should receive a sentence within the career offender Guidelines range that appropriately applies to him.

**IV.   Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines Range of 151 to 188 months' imprisonment.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

by: */s/ Kevin Mead*
        Kevin Mead
        Assistant United States Attorney
        (212) 637-2211

cc:    Leonardo M. Aldridge, Esq. (ECF)